# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| VALA, LLC, a Limited Liability Company of New Jersey,<br><br>      Plaintiff,<br><br>v.<br><br>METROPCS NEW YORK, LLC; T-MOBILE US, INC., JOINTLY and SEVERALLY; and JOHN DOES 1 THROUGH 10;<br><br>      Defendants. | Civil Action No.: 2:22-cv-07332-CCC-CLW<br><br>***Electronically Filed***<br><br>**ORAL ARGUMENT REQUESTED** |

---

**BRIEF ON BEHALF OF DEFENDANTS METROPCS NEW YORK, LLC AND T-MOBILE US, INC. IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT AGAINST T-MOBILE AND TO DISMISS THE FIRST, THIRD AND FOURTH COUNTS OF THE COMPLAINT AGAINST METROPCS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

Donald W. Kiel
Donald.Kiel@klgates.com
**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
P: (973) 848-4000
*Attorneys for Defendants MetroPCS New York, LLC and T-Mobile US, Inc.*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...............................................................................1

STATEMENT OF FACTS ......................................................................................2

ARGUMENT ...........................................................................................................7

    I.     PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM
          BECAUSE THE CLAIMS ARE EITHER BARRED BY THE
          STATUTE OF LIMITATIONS OR ARE LEGALLY
          INSUFFICIENT .................................................................................7

    II.    T-MOBILE IS NEITHER A PARTY TO THE LEASE NOR A
          SUCCESSOR IN INTEREST TO METROPCS AND,
          THEREFORE, IS NOT A PROPER PARTY TO THIS
          ACTION ............................................................................................9

    III.   PLAINTIFF'S BREACH OF CONTRACT CLAIM (FIRST
          COUNT) IS BARRED BY THE STATUTE OF
          LIMITATIONS .................................................................................12

    IV.   PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT
          (THIRD COUNT) FAILS AS A MATTER OF LAW
          BECAUSE PLAINTIFF COULD NOT REASONABLY
          EXPECT REMUNERATION TO MAINTAIN ABANDONED
          PROPERTY.......................................................................................18

    V.    PLAINTIFF'S CLAIM FOR BREACH OF THE IMPLIED
          COVENANT OF GOOD FAITH AND FAIR DEALING
          (FOURTH COUNT) FAILS BECAUSE IT RELIES ON THE
          SAME ALLEGED ACTIONS AND INACTIONS THAT
          FORM THE BASIS OF PLAINTIFF'S CONTRACT
          BREACH CLAIM..............................................................................21

CONCLUSION ......................................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

760 New Brunswick Urban Renewal LLC v. Navigators Specialty Ins. Co.,
    Civ. No. 20-5877, 2021 WL 287876 (D.N.J. Jan. 28, 2021)..............................23

In re Advanta Corp. Sec. Litig.,
    180 F. 3d 525 (3d Cir. 1999) .............................................................11

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)........................................................................7

Benamax Ice, LLC v. Merch. Mut. Ins. Co.,
    529 F. Supp. 3d 350 (D.N.J. 2021).......................................................7

Buck v. Hampton Twp. Sch. Dist.,
    452 F.3d 256 (3d Cir. 2006) .............................................................8

Chunyan Cao v. W.-Ward Pharm.,
    Civ. No. 13-3962, 2019 WL 7562747 (D.N.J. July 30, 2019) ............................7

Cito v. Bridgewater Twp. Police Dep't,
    892 F.2d 23 (3d Cir. 1989) ..............................................................8

Durant v. Horton,
    Civ. No. 07-93, 2008 WL 2510661 (D.N.J. June 19, 2008)...............................10

In re Estate of Balk,
    445 N.J. Super. 395 (App. Div. 2016)..................................................18

Fed. Deposit Ins. Corp. v. Valencia Pork Store Inc.,
    212 N.J. Super. 335 (Law. Div. 1986)..................................................13

Fields v. Thompson Printing Co.,
    363 F.3d 259 (3d Cir. 2004) .........................................................21, 22

Flynn-Murphy v. Jaguar Land Rover N. Am., LLC,
    Civ. No. 20-14464, 2021 WL 5448716 (D.N.J. Nov. 19, 2021)........................10

Genova v. Total Card, Inc.,
    193 F. Supp. 3d 360 (D.N.J. 2016)....................................................11

ii

Harper v. LG Elecs. USA, Inc.,
    595 F. Supp. 2d 486 (D.N.J. 2009) ........................................................7

Hein v. GM Constr. Co.,
    330 N.J. Super. 282 (App. Div. 2000) ..................................................12

Hunter v. Supreme Court of N.J.,
    118 F.3d 1575 (3d Cir. 1997) ...............................................................3

Hunter v. Supreme Court of New Jersey,
    951 F. Supp. 1161 (D.N.J. 1996) ..........................................................3

Re J&J Sports Prods. v. Harris,
    Civ. No. 16-5250, 2017 WL 4516466 (D.N.J. Oct. 6, 2017) ..............18

Metromedia Co. v. Hartz Mountain Assocs.,
    139 N.J. 532 (1995) ..............................................................................12

Nat'l Util. Serv., Inc. v. Cambridge-Lee Indus., Inc.,
    199 Fed. Appx. 139 (3d Cir. 2006) .......................................................13

Oran v. Stafford,
    226 F.3d 275 (3d Cir. 2000) .................................................................11

Peck v. Donovan,
    Civ. No. 07-5500, 2009 WL 900068 (D.N.J. Mar. 31, 2009) ...............12, 13, 15

Pier 541 LLC v. Crab House, Inc.,
    Civ. No. 19-00437, 2021 WL 4438128 (D.N.J. Sept. 28, 2021).........13

Powell v. Subaru of Am., Inc.,
    502 F. Supp. 3d 856 (D.N.J. 2020) ......................................................12

R.C. Beeson, Inc. v. Coca Cola Co.,
    Civ. No. 07-4806, 2008 WL 4447106 (D.N.J. Sept. 26, 2008) .......13, 14, 16, 17

R.C. Beeson, Inc. v. Coca Cola Co.,
    337 Fed. Appx. 241 (3d Cir. 2009).......................................................14, 16, 17

Read v. Profeta,
    397 F. Supp. 3d 597 (D.N.J. 2019).......................................................18

506345771.1

Schmidt v. Skolas,
  770 F.3d 241 (3d Cir. 2014) ...............................................................11

Spellman v. Express Dynamics, LLC,
  150 F. Supp. 3d 378 (D.N.J. 2015).....................................................22

Swift v. Pandey,
  Civ. No. 13-650, 2013 WL 6054853 (D.N.J. Nov. 13, 2013)............12

In re Synchronoss Sec. Litig.,
  705 F. Supp. 2d 367 (D.N.J. 2010).......................................................7

Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
  551 U.S. 308 (2007)............................................................................11

Wade v. Kessler Inst.,
  172 N.J. 327 (2002) ............................................................................22

Williams v. MLB Network, Inc.,
  No. A-5586-16T2, 2019 WL 1222954 (N.J. Super. Ct. App. Div.
  Mar. 14, 2019)....................................................................................22

Wilson v. Bernstock,
  195 F. Supp. 2d 619 (D.N.J. 2002)......................................................11

Wong v. Wells Fargo Bank N.A.,
  Civ. No. 14-5204, 2015 WL 6164036 (D.N.J. Oct. 20, 2015)...........21

Woodlands Cmty. Ass'n, Inc. v. Mitchell,
  450 N.J. Super. 310 (App. Div. 2017)................................................19

**Statutes and Other Authorities**

Fed. R. Civ. P. 12(b)(6)..............................................................1, 1, 7, 12

N.J.S.A. 2A:14–1 ............................................................................12

Fed. R. Civ. P. 7.1 ............................................................................11

Fed. R. Civ. P. 8(c)............................................................................12

iv

## PRELIMINARY STATEMENT

Defendants, MetroPCS New York LLC ("MetroPCS") and T-Mobile US, Inc. ("T-Mobile"), submit this brief in support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Specifically, T-Mobile seeks dismissal of the Complaint in its entirety because T-Mobile was not a party to the lease that is the subject of this lawsuit, is not a successor to MetroPCS, and is not alleged to have been involved in this dispute in any other way.  MetroPCS seeks dismissal of the first count of the complaint on statute of limitations grounds and counts three and four for failure to state a legally cognizable claim.

This lawsuit stems from a 2008 commercial lease by MetroPCS of rooftop space in Jersey City owned by plaintiff to install, operate, and maintain its telecommunications equipment.  The First Count of the Complaint alleges MetroPCS committed three material breaches of the lease, all of which pre-date the Complaint by more than six years, the applicable statute of limitations.  MetroPCS terminated the lease, as permitted by its terms, in November 2015, almost seven years before plaintiff-landlord filed suit to recover rental payments.[1]  Accordingly, the First Count should be dismissed with prejudice.

Additionally, the Complaint fails to state claims upon which relief may be

---

[1] Although not material to this Motion, MetroPCS contends that plaintiff prevented it from removing all of its equipment from the rooftop and restoring the site.

granted in several other ways.  The Third and Fourth Counts of the Complaint fail to state claims for unjust enrichment and breach of the implied covenant of good faith and fair dealing, respectively.  Plaintiff also names MetroPCS's corporate affiliate, T-Mobile, as a defendant.  Yet T-Mobile is neither a party to the lease nor, despite Plaintiff's erroneous assertion (made "upon information and belief") to the contrary, MetroPCS's successor-in-interest.  Therefore, all claims against T-Mobile should be dismissed with prejudice.

In light of the foregoing, MetroPCS and T-Mobile respectfully request that the Court dismiss with prejudice:  (1) the Complaint against T-Mobile; and (2) the First, Third and Fourth Counts against MetroPCS.  Plaintiff has failed to state claims upon which relief can be granted with respect to the foregoing, and this Court should not burden itself or the parties with these meritless claims.

## STATEMENT OF FACTS[2]

MetroPCS, as tenant, and Plaintiff Vala, LLC, as landlord ("Plaintiff"), entered into a Communications Site Lease Agreement (the "Lease") on March 28,

---

[2] This Brief is submitted in support of Defendants' Motion to Dismiss for failure to state a claim.  Therefore, consistent with applicable law, the facts recited in the brief are only those alleged in the Complaint and within documents referenced or incorporated in the Complaint, and publicly-available documents to which the Court may take judicial notice.  MetroPCS and T-Mobile deny most of the key facts alleged in the Complaint.  By reciting the foregoing facts, MetroPCS and T-Mobile do not admit, and expressly do not waive the right to contest, Plaintiff's version of the facts in this litigation.

2

2008, whereby Plaintiff leased a portion of the rooftop of its property, located at 195 New York Avenue in Jersey City, (the "Property") to MetroPCS, permitting MetroPCS to "install, place, use and operate" any telecommunications equipment necessary to operate a wireless communications site.  Compl. ¶¶ 6-8.  The Lease ran for an initial five-year term, and provided for automatic renewal every five years, for four additional five-year terms.  Compl. ¶ 9.  The Lease required MetroPCS to pay an initial rent of $2,800 monthly, due on the first of each month, with annual increases thereafter.  Compl. ¶ 10.

The Lease also allowed MetroPCS to terminate it "without further liability on ninety (90) days prior written notice."  Compl. ¶ 15; Certification of Shelly L. Green "Green Cert.," Ex. 1, p. 5.[3]  Specifically, Section 13 of the Lease allowed MetroPCS to terminate the Lease without liability "if [MetroPCS] determines that the Premises are not appropriate for its operations for economic, environmental or technological reasons . . . ."  Green Cert., Ex. 1, p. 5.  Further, Section 8 of the Lease stated that:

---

[3] Plaintiff quotes the Lease in the Complaint, but does not attach a complete copy. Defendants provide the Lease as Exhibit 1 to the Certification of Shelly L. Green. This Court may consider the Lease on this motion to dismiss "because the Complaint is deemed to include any written instrument attached to it as an exhibit or any statements of documents incorporated in it by reference."  Hunter v. Supreme Court of New Jersey, 951 F. Supp. 1161, 1163 (D.N.J. 1996), aff'd sub nom. Hunter v. Supreme Court of N.J., 118 F.3d 1575 (3d Cir. 1997) (internal quotations omitted).

506345771.1

upon termination of [the] Lease, [MetroPCS] shall within ninety (90) days, remove its equipment, fixtures and all personal property and restore the Property to its original condition, reasonable wear and tear excepted.  If such time for removal causes [MetroPCS] to continue to operate its Facilities after termination of this Lease, [MetroPCS] shall pay rent at the then existing monthly rate or on the existing monthly pro-rata basis if based upon a longer payment term, until such time as the removal of [MetroPCS]'s building, antenna structure, cabling, fixtures and all other personal property are completed.  (Green Cert., Ex. 1, p. 4).

On August 12, 2015, MetroPCS advised Plaintiff that it would be terminating the Lease effective November 15, 2015.  Compl. ¶19; Green Cert., Ex. 2.  MetroPCS then had ninety days from termination—until February 16, 2016—to remove its equipment and restore the Premises to its original condition.  See Compl. ¶ 20.  Plaintiff alleges that, "[s]ince the date of termination of the Lease," some of MetroPCS's equipment has remained at the Property, and MetroPCS did not restore the Property to its original condition.  Compl. ¶¶ 24-25.  Plaintiff further alleges that it "demanded payment of rent until all" of MetroPCS's equipment was removed and the premises restored, but MetroPCS stopped paying rent in June of 2016, and has not paid rent since then.  Compl. ¶¶ 23, 26-31.

Nearly a year after termination of the Lease, on "November 1, 2016, [] Metro sent a letter to Plaintiff which advised plaintiff that [] Metro would no longer take any action to remove the remainder of [MetroPCS's equipment] due to plaintiff's failure to provide access or cooperate, and . . . that [MetroPCS's equipment] which remained at the Premises and Property shall be the sole

4

responsibility of plaintiff." Compl. ¶ 33. Indeed, MetroPCS's letter explained that

it had "duly terminated" the Lease, and "diligently attempted to remove its

property." Green Cert., Ex. 3. Yet, although the Lease provided MetroPCS with

unfettered access to the Property at all times, Plaintiff "obstructed and prevented

MetroPCS from removing its equipment." Green Cert., Ex. 3. MetroPCS tried to

address this with prior post-termination correspondence on April 25, July 6, and

September 6, 2016, but was unsuccessful. Green Cert., Ex. 3. Further,

MetroPCS's November 1, 2016 letter made clear that Plaintiff's interference with

MetroPCS's property rights "constitute[s] a tortious conversion of MetroPCS'

property." Green Cert., Ex. 3. Such actions left MetroPCS with "no alternative

but to abandon its equipment located at the Property." Green Cert., Ex. 3.

Plaintiff's Complaint alleges that MetroPCS "admitted" that its site was "officially

abandoned." Compl. ¶ 34.

On October 28, 2022, Plaintiff initiated this action by filing a complaint (the

"Complaint") in the Superior Court of New Jersey, Law Division, Hudson County,

styled <u>Vala, LLC v. Metro PCS New York, LLC and T-Mobile US, Inc.</u>, Docket

No. HUD-L-3606-22. <u>See</u> Defendants' Notice of Removal, ECF No. 1. The First

Count of the Complaint alleges three material breaches of the Lease—MetroPCS

and T-Mobile's failure to remove MetroPCS's equipment, restore the premises,

and pay rent. Compl. ¶¶ 39, 41, 43. Plaintiff filed its Complaint almost seven

years after MetroPCS terminated the Lease, six years and nine months after

MetroPCS and T-Mobile allegedly failed to remove MetroPCS's equipment and

restore the Property, and six years and five months after MetroPCS allegedly

stopped paying rent on the Property.  <u>See</u> Compl. ¶¶ 39, 41, 43.

In addition to its claim for breach of contract (First Count), Plaintiff also

brings claims for trespass (Second Count), unjust enrichment (Third Count), and

breach of the implied covenant of good faith and fair dealing (Fourth Count).

Plaintiff alleges in the Second Count that MetroPCS and T-Mobile's failure to

remove MetroPCS's equipment within ninety days after the November 2015

termination of the Lease and the existence of the equipment on the Property

thereafter constitutes trespass.  Compl. ¶¶ 50-52.  Plaintiff further claims in the

Third Count that MetroPCS and T-Mobile have been unjustly enriched by leaving

MetroPCS's equipment on the Property and compelling Plaintiff to "protect, secure

and safeguard the equipment."  Compl. ¶¶ 59-60.  Finally, in the Fourth Count,

Plaintiff alleges that "[d]efendants' conduct, actions and failures to act, <u>aforesaid</u>,

violate the implied covenant of good faith and fair dealing in the Lease

Agreement."  Compl. ¶ 70 (emphasis added).

# **ARGUMENT**

I.   **PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM BECAUSE THE CLAIMS ARE EITHER BARRED BY THE STATUTE OF LIMITATIONS OR ARE LEGALLY INSUFFICIENT**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal and factual sufficiency of a plaintiff's complaint.  Chunyan Cao v. W.-Ward Pharm., Civ. No. 13-3962, 2019 WL 7562747, at *2 (D.N.J. July 30, 2019).  A Rule 12(b)(6) motion "allow[s] the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, [] thus spar[ing] litigants the burdens of unnecessary pretrial and trial activity."  In re Synchronoss Sec. Litig., 705 F. Supp. 2d 367, 392 (D.N.J. 2010) (internal quotations omitted).

To survive such a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A motion to dismiss should be granted where, as here, the Complaint fails to "articulate[] 'enough facts to state a claim to relief that is plausible on its face.'"  Benamax Ice, LLC v. Merch. Mut. Ins. Co., 529 F. Supp. 3d 350, 354 (D.N.J. 2021) (quoting Twombly, 550 U.S. at 570).  Indeed, even if all allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff, a complaint must be dismissed where "the plaintiff is unable to show that he is entitled to the relief being sought."  Harper v. LG Elecs. USA, Inc., 595 F. Supp. 2d 486, 488 (D.N.J. 2009).  When considering dismissal of a complaint on

statute of limitations grounds, courts should analyze whether the "time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989). Moreover, this Motion to Dismiss is not dependent on any potential difference between the pleading standards of this court or the Superior Court of New Jersey, from which this matter was removed. Rather, Plaintiff's failure to comply with the statute of limitations or meet the requisite elements of the stated causes of action, warrants dismissal.

Further, while consideration of a motion to dismiss is generally limited to the content of the pleadings, a court also "may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (internal quotations and citations omitted). To that end, Defendants provide four documents referenced in the Complaint or which are publicly available, but which Plaintiff failed to attach because they contradict its claims. See generally Green Cert., Exs. 1-4.

For purposes of this Motion, and consistent with the standards articulated above, the Complaint and documents referenced therein are accepted as true. Applying those standards, the Complaint cannot survive Defendants' Motion to

Dismiss.  First, the Court must dismiss T-Mobile because it was not a party to the Lease and, contrary to Plaintiff's allegation that T-Mobile is a successor in interest to MetroPCS, T-Mobile's most recent Form 10-K filing with the United States Securities and Exchange Commission ("SEC"), a matter of public record of which this Court may take judicial notice, demonstrates that MetroPCS is a distinct entity from—and not the predecessor of—T-Mobile.

Second, Plaintiff's claims of breach of the Lease are barred by New Jersey's six year contract statute of limitations.  Finally, Plaintiff's unjust enrichment claim (Third Count) fails because Plaintiff could not have reasonably expected payment for maintaining MetroPCS's equipment that MetroPCS advised Plaintiff was abandoned because of Plaintiff's refusal to provide access, and Plaintiff's breach of the covenant of good faith and fair dealing claim (Fourth Count) fails because it is based on nothing more than the same allegations underpinning Plaintiff's breach of contract claim.

In light of the foregoing, MetroPCS and T-Mobile respectfully request that the Motion be granted in its entirety.

## II.   T-MOBILE IS NEITHER A PARTY TO THE LEASE NOR A SUCCESSOR IN INTEREST TO METROPCS AND, THEREFORE, IS NOT A PROPER PARTY TO THIS ACTION

Because T-Mobile is neither a party to the Lease nor MetroPCS's successor in interest, the Complaint against T-Mobile should be dismissed with prejudice.

9

As an initial matter, "an action on a contract cannot be maintained against a person who is not a party to it."  Flynn-Murphy v. Jaguar Land Rover N. Am., LLC, Civ. No. 20-14464, 2021 WL 5448716, at *7 (D.N.J. Nov. 19, 2021) (quoting Comly v. First Camden, 36 A.2d 591, 593 (N.J. Sup. Ct. 1944)).

Plaintiff's sole allegation against T-Mobile, made on "information and belief," is that T-Mobile is the "successor in interest" to MetroPCS as the result of a merger.  Compl. ¶¶ 3-4.  The Complaint further states that as a result of the "merger," T-Mobile "does business, in part, as 'Metro by T-Mobile.'"  Compl. ¶ 4. However, Plaintiff is wrong in those allegations as demonstrated by T-Mobile's most recent 10-K filing with the SEC.  See Green Cert. Ex. 4 at p. 3.

While normally consideration of motions to dismiss require the court to assume all well-pleaded facts to be true, "if facts that are alleged to be true in a complaint are contradicted by facts that can be judicially noticed, the contradicted facts in the complaint are not to be deemed as true upon consideration of [a] motion to dismiss."  Durant v. Horton, Civ. No. 07-93, 2008 WL 2510661, at *2 (D.N.J. June 19, 2008) (Greenaway, J.) (granting motion to dismiss where complaint's allegations contradicted judicially noticed facts) (quoting Smith v. Litton Loan Servicing, LP, Civ. No. 04–2846, 2005 WL 289927, *5 (E.D. Pa. Feb. 4, 2005) (citing 5A Wright & Miller, Federal Practice and Procedure Civil 2d § 1364) (2004)).

As explained <u>supra</u>, on this Motion to Dismiss, the Court may "consider and take judicial notice of matters of public record."  <u>Genova v. Total Card, Inc.</u>, 193 F. Supp. 3d 360, 364 (D.N.J. 2016).  Publicly available federal filings, like SEC filings, constitute such "public record[s] of which the court can take judicial notice."  <u>Schmidt v. Skolas</u>, 770 F.3d 241, 249 (3d Cir. 2014).  This District and Circuit routinely take judicial notice of SEC filings when considering motions to dismiss.  <u>See, e.g.</u>, <u>Oran v. Stafford</u>, 226 F.3d 275, 289 (3d Cir. 2000); <u>In re Advanta Corp. Sec. Litig.</u>, 180 F. 3d 525, 540 (3d Cir. 1999), <u>abrogated on other grounds</u>, <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308 (2007); <u>Wilson v. Bernstock</u>, 195 F. Supp. 2d 619, 623–24 (D.N.J. 2002).

Notwithstanding Plaintiff's allegation that T-Mobile is the successor to MetroPCS as a result of a merger between the two companies, publicly available filings with the SEC indisputably show that T-Mobile US, Inc. is not a proper party to this action.  As shown on T-Mobile's most recent annual SEC Form 10-K filing, MetroPCS remains a distinct entity.  <u>See</u> Green Cert., Ex. 4 at p. 3.  In fact, MetroPCS is a wholly-owned subsidiary of non-party T-Mobile Northeast, LLC, which is itself a wholly owned subsidiary of another non-party, T-Mobile USA, Inc.  <u>See</u> Defendants' Rule 7.1 Corporate Disclosure Statement, ECF No. 2.  MetroPCS's affiliation with T-Mobile in no way renders T-Mobile a "successor in interest" to MetroPCS any more than it makes T-Mobile, or any other affiliated

entity, a party to the Lease.  See Powell v. Subaru of Am., Inc., 502 F. Supp. 3d 856, 882 (D.N.J. 2020) (It is a "fundamental, settled tenet of contract law that non-parties to a contract cannot be held liable for a breach of that agreement.") (internal citations omitted).  Accordingly, the Complaint against T-Mobile should be dismissed with prejudice.

### III.   PLAINTIFF'S BREACH OF CONTRACT CLAIM (FIRST COUNT) IS BARRED BY THE STATUTE OF LIMITATIONS[4]

Under New Jersey law, a plaintiff has six years to bring an action for breach of contract.  See N.J.S.A. 2A:14–1.  This six-year limit is counted from the accrual date of the cause of action.  See Hein v. GM Constr. Co., 330 N.J. Super. 282, 284 (App. Div. 2000).  To determine the date of accrual, courts look to "when [] the party seeking to bring the action ha[d] an enforceable right."  Metromedia Co. v. Hartz Mountain Assocs., 139 N.J. 532, 535 (1995) (internal quotation marks and citation omitted).  An action accrues "when the potential plaintiff knows of his or her injuries and of facts sufficient to attribute those injuries to the fault of another."  Peck v. Donovan, Civ. No. 07-5500, 2009 WL 900068, at *2 (D.N.J.

---

[4] While a statute of limitations defense must be raised in an answer pursuant to Rule 8(c), the Third Circuit permits dismissal of a claim on statute of limitations grounds on a motion to dismiss brought pursuant to Rule 12(b)(6) so long as "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  Swift v. Pandey, Civ. No. 13-650, 2013 WL 6054853, at *4 (D.N.J. Nov. 13, 2013) (quoting Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002)).

506345771.1

Mar. 31, 2009) (internal citations omitted).  Ordinarily then, "a cause of action for breach of contract accrues when the breach occurs."  Pier 541 LLC v. Crab House, Inc., Civ. No. 19-00437, 2021 WL 4438128, at *5 (D.N.J. Sept. 28, 2021), recon. den., Civ. No. 19-00437, 2022 WL 1683717 (D.N.J. May 26, 2022); see also Peck, 565 Fed. Appx. at 70 n.2 (referring to the "general rule" that "in an action based on a contract, accrual occurs as soon as there is a breach of contract") (quoting 31 Williston on Contracts § 79:14 (4th ed. 2004)).

In certain limited circumstances courts may apply an "installment contract" approach where the statute of limitations begins to run from the date that each payment is due under an installment contract, such as an ongoing lease.  See, e.g., Fed. Deposit Ins. Corp. v. Valencia Pork Store Inc., 212 N.J. Super. 335, 338 (Law. Div. 1986), rev'd on other grounds, 225 N.J. Super. 110 (App. Div. 1988) ("In the case of an obligation payable by installments, the statute of limitations may begin to run against each installment as it falls due.").  However, this approach does not apply where, as here, the allegations show a total breach of contract more than six years before a plaintiff files suit.  See Nat'l Util. Serv., Inc. v. Cambridge-Lee Indus., Inc., 199 Fed. Appx. 139, 143 (3d Cir. 2006) (applying New Jersey law).

Total breach "create[s] a claim and trigger[s] the statute of limitations, and . . . prevent[s] a subsequent breach from giving rise to a new cause of action."  R.C.

506345771.1

Beeson, Inc. v. Coca Cola Co., Civ. No. 07-4806, 2008 WL 4447106, at *7 (D.N.J. Sept. 26, 2008), aff'd, 337 Fed. Appx. 241 (3d Cir. 2009).  To constitute a total breach that triggers the running of the statute of limitations, there must be "a combination of an act deliberately repudiating the agreement and an act indicating to the non-breaching party that any future performance either will not occur or will not be in compliance with the contract terms." R.C. Beeson, 337 Fed. Appx. at 244; cf. id. (A "single infraction of contractual obligations, such as a missed payment, is insufficient to constitute a 'total breach' of [an] agreement.").

As an initial matter, Plaintiff cannot recover for any breach stemming from its claim in the First Count that MetroPCS allegedly failed to remove its equipment and failed to restore the premises because the Complaint makes clear that those breaches occurred six years and eight months before Plaintiff filed the Complaint; ninety days after MetroPCS notified Plaintiff that it was terminating the Lease. Compl. ¶¶ 15, 41, 43.  Moreover, the alleged requirements to remove the equipment and restore the premises are not installment contract requirements. Under the Lease, these requirements had to be completed within ninety days after MetroPCS terminated the Lease, by February, 2016, more than six years before Plaintiff filed its Complaint.  Accordingly, the Court should dismiss those two aspects of the First Count of the Complaint without consideration of the installment contract approach.

14

With respect to Plaintiff's claim for rent, the installment contract approach does not apply because the Third Circuit only applies the approach in "unusual circumstances" not applicable here, and, according to Plaintiff's Complaint, there was a total breach of the Lease no later than June 2016 when MetroPCS stopped making rent payments.  Recognizing that the "installment contract approach" is not the norm, the Third Circuit has remained apprehensive and unwilling to expand the theory beyond cases with "unusual circumstances," such as where a landlord's performance "depended upon unclear payment procedures which included a condition precedent."  See Peck, 565 Fed. Appx. 66, 70 n.2 (explaining the "unusual circumstances" that warrant application of the installment contract approach and "deviation from this general rule" that a contract action accrues as soon as there is a breach).

Even assuming its applicability, the installment contract approach does not rescue Plaintiff's contract claim from dismissal because Plaintiff alleges in the Complaint that MetroPCS was in total breach of the Lease by June of 2016. Plaintiff alleges three material breaches, contending that MetroPCS "failed or refused to remove all of [] [Metro]'s [equipment] within ninety (90) days of the date of the termination of the Lease," Compl. ¶41, "failed to restore the Premises and Property to its original condition," Compl. ¶ 43, and "failed or refused to pay rent for the time periods set forth herein."  Compl. ¶ 39.  Further, the Complaint

explicitly alleges that MetroPCS "failed to pay rent" beginning in June 2016 and continuing thereafter.  Compl. ¶¶ 26-31.  Thus, to withstand dismissal, Plaintiff must argue that MetroPCS's failure to remove its equipment, MetroPCS's failure to restore the premises, and MetroPCS's failure to pay rent for no less than five months, *did not* constitute a total breach of the Lease.

In binding precedent, this District has found—and the Third Circuit has affirmed—total breach for far less.  In R.C. Beeson, the contract at issue required the defendant to make periodic royalty payments based on a separate, pre-set fee structure, but required the defendant to renegotiate the royalty amounts if it materially altered the fee structure.  2008 WL 4447106, at *1.  Defendant eventually changed its fee structure and reduced the periodic royalty payments without any negotiation.  Id.  Plaintiff disputed the underpayments for years before finally bringing an action to recover more than seven years of underpayments.  Id. at *4.

To salvage its complaint from defendants' motion to dismiss, the plaintiff argued that the installment contract method should apply and permit recovery.  Id. at *6.  The court disagreed and dismissed the contract claim as time-barred, finding that the underpayments were "a voluntary affirmative act indicating that [Defendant] would commit a breach when performance became due, and it signaled anticipatory repudiation of performance in the future."  Id. at *8.  On

16

appeal, the Third Circuit affirmed, explaining that "[w]hile the subsequent [breaches] put [Plaintiff] on notice of the breach and were part of the fallout from it, they did not give [Plaintiff] the opportunity to delay action on its claim." <u>R.C. Beeson</u>, 337 Fed. Appx. at 245.

Plaintiff's contract claim similarly fails.  Here, like <u>R.C. Beeson</u>, Plaintiff admits it knew of MetroPCS's alleged failure to comply with the terms of the Lease or effectuate future performance.  The Complaint does not allege mere underpayments, as in <u>R.C. Beeson</u>, but complete *non-payment* of rent for five months prior to the six-year limitations cutoff.  Compl. ¶¶ 26-30.  The Complaint also alleges that these five months of non-payment occurred *after* two separate material breaches of the Lease (the alleged failures to remove equipment and restore the premises).  Compl. ¶¶ 41, 43.  Therefore, the face of the Complaint alleges that MetroPCS committed two acts deliberately repudiating the agreement in February 2016, by allegedly failing to remove its equipment and restore the premises, followed by several subsequent indications—in the form of five successive monthly failures to pay rent—that MetroPCS would not comply with future performance of the Lease.  Compl. ¶¶ 26-30, 41, 43.  Plainly, there was a total alleged breach of the Lease no later than June of 2016, upon MetroPCS's third alleged material breach and first alleged missed rent payment.  As a result, at the latest, the statute of limitations began to run in June of 2016, and expired in

17

June of 2022.  Plaintiff's breach of contract claim, brought on October 28, 2022, is therefore time barred and should be dismissed with prejudice.

Finally, even if the Court applies the installment contract approach—which would be contrary to precedent in this Circuit—that approach would not save Plaintiff's claims for rent predating October 28, 2016.  See In re Estate of Balk, 445 N.J. Super. 395, 402 (App. Div. 2016).

Accordingly, the First Count of the Complaint should be dismissed in its entirety or, in the alternative, for all amounts predating October 28, 2016.

### IV.   PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT (THIRD COUNT) FAILS AS A MATTER OF LAW BECAUSE PLAINTIFF COULD NOT REASONABLY EXPECT REMUNERATION TO MAINTAIN ABANDONED PROPERTY

"To state a claim for unjust enrichment under New Jersey law, a plaintiff must prove: (1) the defendant received a benefit from the plaintiff; (2) retention of that benefit [by the defendant] without payment would be unjust; (3) plaintiff expected remuneration from defendant at the time it performed or conferred a benefit on defendant; and (4) the failure of remuneration enriched [the] defendant beyond its contractual rights." Re J&J Sports Prods. v. Harris, Civ. No. 16-5250, 2017 WL 4516466, at *3 (D.N.J. Oct. 6, 2017) (citing VRG Corp. v. GKN Realty Co., 135 N.J. 539, 554 (1994)) (internal quotations omitted).  An unjust enrichment claim fails if a plaintiff cannot show a "reasonable expectation of payment." Read v. Profeta, 397 F. Supp. 3d 597, 642 (D.N.J. 2019) (quoting Weichert Co. Realtors

18

v. Ryan, 128 N.J. 427, 437 (1992)).  Moreover, a plaintiff cannot recover on an unjust enrichment theory unless the defendant actually owned the property upon which the benefit was conferred.  See Woodlands Cmty. Ass'n, Inc. v. Mitchell, 450 N.J. Super. 310, 318 (App. Div. 2017).

Here, the Complaint alleges that MetroPCS "received a benefit at the expense and to the detriment" of Plaintiff for "each and every day that [MetroPCS's equipment] remain[ed] at the [Property]."  Compl. ¶ 59.  Plaintiff further asserts it "has been compelled to protect, secure and safeguard" MetroPCS's equipment on the Property.  Compl. ¶ 60.  According to the Complaint, MetroPCS's failure to compensate Plaintiff for the "reasonable value" of this "benefit" constitutes unjust enrichment.  Compl. ¶¶ 61-65.

The unjust enrichment Count must be dismissed because the Plaintiff could not have had a reasonable expectation of remuneration.  As explained in the Complaint, MetroPCS made clear in a November 1, 2016 letter that it had "officially abandoned" its equipment at the property.  Compl. ¶ 34.  The letter also detailed MetroPCS's attempts to remove its equipment and Plaintiff's refusal to amicably permit same.  Green Cert., Ex. 3.  MetroPCS further explained that Plaintiff's actions "constitute a tortious conversion of MetroPCS' property." Green Cert., Ex. 3.  As a result, MetroPCS advised Plaintiff that "any and all costs,

19

obligations, duties and liabilities relating to the lease premises and MetroPCS'

equipment shall be the sole responsibility of [Plaintiff]."  Green Cert., Ex. 3.

Plaintiff simply cannot make out a prima facie claim for unjust enrichment.

First, Plaintiff admits that MetroPCS "abandoned" its ownership rights in the

equipment by so advising Plaintiff on November 1, 2016.  Thus, any benefit

subsequently conferred inured to Plaintiff and not MetroPCS.  Furthermore, even if

MetroPCS still maintained an ownership interest in the equipment, Plaintiff could

not have reasonably expected remuneration from MetroPCS for property that

Plaintiff knew had been abandoned and that MetroPCS had deemed tortiously

converted.  To maintain its claim, Plaintiff must argue that, after MetroPCS

abandoned the equipment, accused Plaintiff of tortious conversion of the

equipment, and then made no demand for the return of the equipment whatsoever,

Plaintiff reasonably expected MetroPCS to compensate it for "protect[ing],

secur[ing] and safeguard[ing]" the equipment.  Compl. ¶ 60.  Such an argument

strains both case law and credulity.  Accordingly, this Court should dismiss

Plaintiff's claim for unjust enrichment.

## V.     PLAINTIFF'S CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (FOURTH COUNT) FAILS BECAUSE IT RELIES ON THE SAME ALLEGED ACTIONS AND INACTIONS THAT FORM THE BASIS OF PLAINTIFF'S CONTRACT BREACH CLAIM

"In New Jersey, every contract contains an implied covenant of good faith and fair dealing." Wong v. Wells Fargo Bank N.A., Civ. No. 14-5204, 2015 WL 6164036, at *4 (D.N.J. Oct. 20, 2015) (citing Graddy v. Deutsche Bank, Civ. No. 11-3038, 2013 WL 1222655, at *4 (D.N.J. Mar. 25, 2013)).  To succeed on a claim for breach of the implied covenant, "a plaintiff must prove: (1) a contract exists between the plaintiff and the defendant; (2) the plaintiff performed under the terms of the contract unless excused; (3) the defendant engaged in conduct, apart from its contractual obligations, without good faith and for the purpose of depriving the plaintiff of the rights and benefits under the contract; and (4) the defendant's conduct caused the plaintiff to suffer injury, damage, loss, or harm." Wong, 2015 WL 6164036, at *4 (citing Graddy, 2013 WL 1222655, at *4) (emphasis added).

However, "the implied duty of good faith and fair dealing does not operate to alter the clear terms of an agreement and may not be invoked to preclude a party from exercising its express rights under such an agreement." Fields v. Thompson Printing Co., 363 F.3d 259, 271 (3d Cir. 2004).  Thus, "[w]here a party has breached a specific term of a contract, that party cannot be found separately liable for breaching the implied covenant of good faith and fair dealing when the two

21

asserted breaches basically rest on the same conduct." <u>Spellman v. Express Dynamics, LLC</u>, 150 F. Supp. 3d 378, 379 (D.N.J. 2015) (internal quotation marks omitted). <u>See also</u> <u>Wade v. Kessler Inst.</u>, 172 N.J. 327, 344-45 (2002) (noting that where the "asserted breaches basically rest on the same conduct," there "can be no separate breach of an implied covenant of good faith and fair dealing"); <u>Williams v. MLB Network, Inc.</u>, No. A-5586-16T2, 2019 WL 1222954, at *30 (N.J. Super. Ct. App. Div. Mar. 14, 2019) (noting that cause of action for breach of covenant of good faith and fair dealing "does not provide a plaintiff with additional damages for the breach of an express term of a contract"). Thus, "where it is undisputed that a valid and unrescinded contract governs the conduct at issue, breach of implied duty claims can be dismissed at the motion to dismiss stage." <u>Fields</u>, 363 F.3d at 271.

Here, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing does not allege any promise that is extraneous to, or any facts apart from, the Lease and MetroPCS's alleged breach thereof. In fact, the Complaint only half-heartedly pleads the claim. In essence, Plaintiff claims that the Lease "contain[ed] an implied covenant," and the covenant "requires that the parties act honestly [and] in good faith," and "refrain in acting in a way that will destroy or injure the right of the other to receive the benefit of the contract." Compl. ¶¶ 67-69. After repeating the general components of the claim, the Complaint then

simply alleges that "[Metro's] conduct, actions and failures to act, *__aforesaid__*,

violate the implied covenant of good faith and fair dealing in the Lease[.]"  Compl.

¶ 70 (emphasis added).

To be sure, nearly every allegation in the Complaint turns on whether, under

the terms of the Lease, MetroPCS failed to remove its equipment from and restore

the Property, and whether its failure to do so requires it to pay rent in perpetuity.

See generally Compl.  Indeed, Plaintiff makes repeated reference to the terms of

Lease, MetroPCS's permitted use of the premises, Compl. ¶ 8, renewal provisions,

Compl. ¶ 9, precise rental amount due, Compl. ¶ 10, and Lease termination

procedures, Compl. ¶¶ 14-16.  Plaintiff has alleged that MetroPCS breached the

Lease, but tellingly has pleaded no other facts from which to infer a breach of the

implied covenant of good faith and fair dealing.  See generally Compl.  Indeed, by

using the phrase "aforesaid" to reference the alleged actions and inactions

previously pleaded to support Plaintiff's other claims, Count Four of the Complaint

necessarily fails to state a claim upon which relief can be granted.  See 760 New

Brunswick Urban Renewal LLC v. Navigators Specialty Ins. Co., Civ. No. 20-

5877, 2021 WL 287876 (D.N.J. Jan. 28, 2021) (Wolfson, C.J.) (dismissing claim

of breach of implied covenant of good faith and fair dealing because the claim

relied upon the same "conduct, actions and inactions, aforesaid" as plaintiff relied

on to support breach of contract claim).  Because the Fourth Count is

impermissibly duplicative of the contract claim and relies on no other factual basis, it fails as a matter of law and, accordingly, should be dismissed with prejudice.

## <u>CONCLUSION</u>

For the foregoing reasons, MetroPCS and T-Mobile respectfully request that the Court grant its motion dismissing with prejudice the Complaint against T-Mobile, and dismissing with prejudice the First, Third and Fourth Counts of the Complaint against MetroPCS, and enter an Order directing same.

Dated:  January 23, 2023          Respectfully submitted,

By:   */s/ Donald W. Kiel*
       Donald W. Kiel
       Donald.Kiel@klgates.com
       **K&L GATES LLP**
       One Newark Center, Tenth Floor
       Newark, New Jersey 07102
       P: (973) 848-4000
       *Attorneys for Defendants MetroPCS*
       *New York, LLC and T-Mobile US, Inc.*

24